UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY ALEGRE et al., <br><br> Plaintiffs, <br><br> v. <br><br> SALLEY JEWELL, Secretary of the Department of Interior, United States of America, in her official capacity; LAWRENCE ROBERTS, Assistant Secretary of the Department of Interior - Indian Affairs, United States of America, in his official capacity; MICHAEL BLACK, Director of the Bureau of Indian Affairs of Department of Interior - United States of America, in his official capacity; AMY DUTSCHKE, Regional Director, Department of Interior - Indian Affairs, United States of America, in her official capacity; JAVIN MOORE, Superintendent of the Department of Interior Indian Affairs, Southern California Agency, in his official capacity; DOES 1 through 25; US ATTORNEYS OFFICE SOUTHERN CALIFORNIA DISTRICT, <br><br> Defendants. | Case No.: 16-CV-2442-AJB-KSC <br><br> **ORDER DENYING PLAINTIFFS' REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT** <br><br> (Doc. No. 25) |

Presently before the Court is Plaintiffs' "request for leave" to file an amended complaint. (Doc. No. 25.) Defendants have filed a notice stating their intent to oppose Plaintiffs' request should the Court entertain it. (Doc. No. 26.) Having reviewed the parties' submissions and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision without oral argument. The Court **DENIES** Plaintiffs' request.

## BACKGROUND

This dispute arises out of Plaintiffs' contention that they are members of the San Pasqual Indian Band. Plaintiffs instituted this lawsuit on September 28, 2016, by filing the original complaint. (Doc. No. 1.) Defendants moved to dismiss that complaint on March 27, 2017. (Doc. No. 9.) In lieu of opposing Defendants' motion, Plaintiffs filed the operative amended complaint on April 11, 2017. (Doc. No. 13.) Given the amended complaint, the Court denied as moot Defendants' motion. (Doc. No. 14.)

On June 12, 2017, Defendants moved to dismiss the amended complaint. (Doc. No. 20.) Plaintiffs were given until June 26, 2017, to oppose the motion. (Doc. No. 21.) Again, instead of opposing the motion, Plaintiffs filed a second amended complaint on June 26. (Doc. No. 23.) The same day, the Court struck that order pursuant to Federal Rule of Civil Procedure 15 for Plaintiffs' failure to obtain Defendants' consent or leave of Court.[1] (Doc. No. 24.) Plaintiffs thereafter filed the instant request for leave of Court to amend the complaint. (Doc. No. 25.) The next day, Defendants filed a notice of their intent to oppose Plaintiffs' request should the Court entertain it. (Doc. No. 26.) This order follows.

## LEGAL STANDARD

Rule 15(a) governs leave to amend prior to trial. A party may amend its pleading once as a matter of course within 21 days after serving it; or, if the pleading is one requiring a response, within 21 days after service of the responsive pleading or motion. Fed. R. Civ.

---

[1] All references in this order to "Rules" are to the Federal Rules of Civil Procedure.

P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

The grant or denial of leave to amend is in the Court's discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy in favor of granting leave to amend is applied with extreme liberality. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

## DISCUSSION

The Court finds that the weight of the *Desertrain* factors supports denying Plaintiffs' request. While the Court "should freely give leave when justice so requires," justice will not be had if Plaintiffs' request is granted. This is the second time Plaintiffs, when faced with a motion to dismiss, strategically filed an amended complaint instead of opposing Defendants' arguments on the merits. This suggests bad faith. This fact is also relevant to the fifth factor, specifically, whether Plaintiffs have previously amended the complaint (they have). Furthermore, the complaints in this case are substantial. Defendants undertook significant efforts to research and draft a succinct motion to dismiss in the face of a complaint that exceeds 800 pages. To summarily deny Defendants' motion on the basis of

Plaintiffs' filing (again) would be prejudicial to Defendants. As such, this factor strongly favors denying Plaintiffs' request. Because prejudice to Defendants is accorded the greatest weight, and because there is a strong showing on three of the five factors, the Court exercises its discretion and **DENIES** Plaintiffs' request.[2]

### CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' request. At this juncture, the Court finds it appropriate to proceed with Defendants' motion to dismiss. The Court *sua sponte* extends the briefing schedule on that motion. Plaintiffs' opposition is due no later than ***July 12, 2017***. Defendants' reply is due ***July 29, 2017***. No further extensions will be given. Pursuant to the Court's prior order, Plaintiffs' opposition may not exceed 35 pages. Defendants' reply may not exceed 15 pages. The hearing on this motion remains ***August 10, 2017, at 2:00 p.m. in Courtroom 4A***.

**IT IS SO ORDERED.**

Dated: June 27, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

[2] And finally, a Rule 15(a)(2) motion must be brought by noticed motion. Plaintiffs neither contacted chambers to schedule their motion nor briefed the legal authority governing their request.