UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY ALEGRE, et al.,<br><br>          Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>          Defendants. | Case No.: 16-CV-02442-AJB-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART FEDERAL DEFENDANTS' MOTION TO DISMISS (Doc. No. 68)** |

Before the Court is the United States, the Department of the Interior, and several employees acting in their official capacity ("Federal Defendants") motion to dismiss Plaintiffs' Third Amended Complaint ("TAC"). (Doc. No. 68.) For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Individual Defendants' motion to dismiss.

## I. BACKGROUND

The following facts are taken from the TAC and construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013). The facts of this case have been thoroughly detailed in previous documents, including this Court's previous order granting motion to dismiss. (*See* Doc. No. 43.) Although the complaint has been amended several times, the core facts remain the same. Plaintiffs are the descendants of Jose Juan Martinez, Guadalupe Martinez, and their

1

daughter Modesta Martinez Contreras (collectively, "Martinez Ancestors"). (Doc. 62 ¶ 28.) Plaintiffs are split into Groups A and B. (*Id.* ¶¶ 13–18.) Group A Plaintiffs include Plaintiffs who are: residents of San Diego County, "direct lineal descendants of Jose Juan Martinez and Guadalupe Martinez," "direct lineal descendants of Modesta Contreras," enrolled in the Band, but are not federally recognized as Band members by the BIA. (*Id.* ¶ 15.) Group B Plaintiffs, including Plaintiff, are also San Diego County residents, are enrolled in the Bank, and are federally recognized by the BIA as Band members. (*Id.* ¶ 18.)

Plaintiffs assert each of the Martinez Ancestors were full blood San Pasqual Indians. (*Id.*) In 2005, Plaintiffs submitted their applications to the Enrollment Committee for enrollment with the San Pasqual Band of Mission Indians in California ("Band"). (*Id.* ¶ 29.) The Enrollment Committee unanimously voted that Plaintiffs had established they were qualified for enrollment. (*Id.*) This determination "was predicated on a finding that Plaintiffs' ancestor Modesta's blood degree should be increased from ¾ to 4/4[.]" (*Id.* ¶ 30.) The Band's General Council then unanimously agreed with the Enrollment Committee on April 10, 2005. (*Id.* ¶ 30.) Later, on September 12, 2005, the Band's Business Committee concurred with both the General Council and the Enrollment Committee and sent its findings to former Superintendent of the Southern California Agency, James Fletcher. (*Id.* ¶ 31.) However, Fletcher declined to accept the Tribal recommendations. (*Id.*)

On September 22, 2005, the Enrollment Committee—in a separate proceeding—requested the BIA to increase Modesta's blood degree from 3/4 to 4/4 degree San Pasqual blood. (*Id.*) Three months later, on December 8, 2005, Fletcher sent Individual Defendant Amy Dutschke ("Dutschke") a letter, stating "the preponderance of the evidence does not sufficiently demonstrate that Modesta [] is full blood[,]" (*Id.* at ¶33) to which Dutschke concurred (*Id.* at ¶35). However, Plaintiffs were never given written notice of either Fletcher or Dutschke's findings. (*Id.* at ¶38.) Plaintiffs subsequently submitted FOIA requests to determine the status of their applications, to which they received responses on October 1, 2014, and May 27, 2015. (*Id.* at ¶44). It was at this time Plaintiffs learned of

Dutschke's negative determination of Plaintiffs' enrollment requests. (*Id.*)

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Dismissal for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). In civil cases, federal courts have subject matter jurisdiction over only those cases where either diversity jurisdiction or federal question jurisdiction exists. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068–69 (9th Cir. 2005). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Federal question jurisdiction exists in cases that arise under federal law. *Id.* § 1331.

Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Where the party asserts a facial challenge, the court limits its inquiry to the allegations set forth in the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the party asserts a factual challenge, the court may consider extrinsic evidence demonstrating or refuting the existence of jurisdiction without converting the motion to dismiss into a motion for summary judgment. *Id.* The party asserting subject matter jurisdiction has the burden of persuasion for establishing it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

### B. Rule 12(b)(6) Dismissal for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*,

88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Defendants' everything-but-the-kitchen-sink motion argues dismissal is warranted because: (1) there is no subject matter jurisdiction over the first and third claims; (2) the second cause of action is moot and is untimely; and (3) Plaintiffs fail to state a claim for the fourth through tenth causes of action.

Because the Court already dismissed the Fifth and Eleventh Claims with prejudice, the Court will not discuss these claims. (Doc. No. 98 at 12–13.) Additionally, because the Court already agreed that an equal protection claim under the Fourteenth Amendment is inapplicable and granted leave to amend on that claim, the Court will not discuss this claim either. (*Id.* at 13.)

#### A. Plaintiffs' First and Third Claims Under 12(b)(1)

Defendants bring a 12(b)(1) motion to dismiss for Plaintiffs' First and Third claims alleging the United States has not waived sovereign immunity. (Doc. No. 68-1 at 14.) The first cause of action is for violation of the APA while the third cause of action is for

4

declaratory relief, or alternatively, mandamus.

Here, Defendants' jurisdictional attack is factual, rather than facial, because they rely on evidence extrinsic to the complaint. (*Id.* at 16.) Specifically, Defendants contend the APA does not waive sovereign immunity for these claims "because the BIA never took a final agency action regarding the Group A Plaintiffs' applications." (*Id.* at 18.) Plaintiffs first argue that because Defendants raise extrinsic evidence to support their 12(b)(1) motion, Defendants' motion to dismiss is converted into a motion for summary judgment under Federal Rule of Civil Procedure 12(d). (Doc. No. 80 at 8.) Plaintiffs then counter the 12(b)(1) argument on its merits, stating that APA § 702 does not require finality when judicial review is sought pursuant to a statutory cause of action that arises apart from the APA's general provisions. Plaintiffs also assert that even if this action were determined under APA § 704 (where finality is required), Defendants' decisions were final for the agency. (*Id.* at 12–14.)

Plaintiffs first allege the Defendants "failed to satisfy the language that states 'by presenting affidavits or other evidence **properly** brought before the court[,]'" their motion to dismiss is converted to a motion for summary judgment under Federal Rule of Civil Procedure 56. (Doc. No. 80 at 9 (original emphasis).) Plaintiffs also refer to their motion to strike the declarations of Dutschke and Long. (*Id.*) Moreover, Plaintiffs contend the "jurisdictional issue and substantive issues in this case are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." (*Id.* (quoting *Safe Air*, 373 F.3d at 1048).) Specifically, Plaintiffs argue that because whether there was final agency action is a substantive issue, Defendants' motion is necessarily converted into a motion for summary judgment. (*Id.*)

First, the Plaintiffs incorrectly state that Defendants improperly presented evidence before the court. Indeed, Plaintiffs' motion to strike Amy Dutschke's declaration was unsuccessful before this court, (*see* Doc. No. 96), while Plaintiffs' motion to strike Harley Long's declaration was granted because Defendants withdrew the declaration (*see* Doc. No. 97).

5

Next, whether the BIA took final action is a jurisdictional issue, rather than a substantive issue that goes to the merits. *See Safe Air*, 373 F.3d at 1038 ("[T]he district court erred by treating the issue of whether grass residue is solid waste under RCRA as a jurisdictional issue"); *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (finding whether the parties were in a "franchise relationship" as defined by 15 U.S.C. § 2801 was a substantive issue); *Vera v. Bureau of Indian Affairs*, 738 Fed. App'x. 431, 432 (9th Cir. 2018) (stating because the basis for the government's 12(b)(1) attack was that it did not control the property relevant to the suit, the motion should have been treated as a motion for summary judgment).

### B. Plaintiffs' First Claim Under the APA Is Subject to Judicial Review

Under the APA, "§ 702 waives sovereign immunity for all non-monetary claims, [while] § 704's final agency action requirement constrains only actions brought under the APA." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017). Thus, claims brought under the APA are subject to § 704's limitation on what agency actions are subject to judicial review, while "claims not grounded in the APA, like . . . constitutional claims . . . do not depend on the cause of action found in the first sentence of § 702 and thus § 704's limitation does not apply to them." *Id*. at 1170 (quoting *Veterans for Common Sense v. Shinseki*, 644 F.3d 845 (9th Cir. 2011), *opinion vacated on reh'g en banc*, 678 F.3d 1013 (9th Cir. 2012) (internal citations omitted)).

While Plaintiffs' First Claim under the APA also raises Fifth Amendment Due Process and Equal Protection concerns, Plaintiffs fail to support these contentions with facts in their TAC. (*See* Doc. No. 62 ¶¶ 59, 68, 69, 70, 71, 73, 78.) Rather, Plaintiffs repeat conclusory statements throughout their TAC, such as: "Defendant's actions as alleged herein were arbitrary and capricious within the meaning of the due process clause in the Fifth Amendment," (*Id.* ¶ 59); "By failing to correct DUTSCHKE's arbitrary, capricious, and erroneous determinations and actions stated above, MOORE violated Group A Plaintiffs' rights under the Due Process Clause of the Fifth Amendment, the Equal Protection Clause, and the APA," (*Id.* ¶ 70). Thus, Plaintiffs' First Claim will be analyzed

as being brought under the APA—rather than as a claim grounded in constitutional law—and thus is subject to § 704's requirement of "final agency action."

The Code of Federal Regulations specifically defines when a decision becomes final for the Department of the Interior or the Bureau of Indian Affairs under 5 U.S.C. § 704: "No decision, which at the time of its rendition is subject to appeal to a superior authority in the Department, shall be considered final so as to constitute Departmental action subject to judicial review under 5 U.S.C. 704, *unless when an appeal is filed*[.]" 25 C.F.R. § 2.6(a) (emphasis added). Requiring plaintiffs to exhaust their administrative remedies "allows agencies to develop a complete factual record and apply their expertise before judicial review occurs." *White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677 (9th Cir. 1988).

### 1. *Defendants' Denial of Tribal Recommendations*

In early 2005, Plaintiffs submitted their applications for tribal enrollment to the Tribe's Enrollment Committee, which was approved and unanimously agreed to by both the Tribe's General Council and Business Committee. (Doc. No. 62 ¶¶ 29–31.) Thereafter, Plaintiffs allege Defendants violated 25 C.F.R. § 61.11(b) in September 2005 by denying Plaintiffs' tribal enrollment because Defendants—specifically, the Superintendent of the Department of the Interior—failed to show the Tribe's recommendations were clearly erroneous. (*Id.* ¶ 31.) Moreover, Defendants offer that in May 2005, Rudolph Contreras, the Vice-Chairman of the Tribe's Business Committee, appealed the Superintendent's decision to the BIA Regional Director. (Doc. No. 68-1 at 11.) The BIA Regional Director then informed Mr. Contreras in September 2005 that he affirmed the Superintendent's decision, and that his decision "could be appealed to the Interior Board of Indian Appeal, ("IBIA"), within 30 days of receipt of the decision, and that if no appeal was filed, the decision would become final for the Department of the Interior.") (*Id.* at 12.) Thus, because the Superintendent's decision had been appealed, Plaintiffs' First claim regarding denial of tribal recommendations is subject to judicial review.

### 2. *Plaintiffs' Claim to Increase Modesta's Blood Degree*

Here, Plaintiffs filed an appeal in early 2015 regarding the blood degree of Modesta

Contreras with Defendant Dutschke, pursuant to 25 C.F.R. § 2.8, to adjudicate their enrollment applications. (Doc. No. 62 ¶ 45.) Defendant Moore responded to this appeal in July 2015, "stating that the BIA no longer had the original applications to adjudicate the enrollment, and the April 7, 2006 letter was 'Final' for the Department[.]" (*Id.*) Because Plaintiffs filed an appeal, to which Defendant Moore established that the "April 7, 2006, decision . . . regarding the blood degree of Modesta Contreras is final for the department," (*Id.*, Ex. 2), Plaintiffs' First claim regarding their blood degree is also subject to judicial review.

However, this Court notes that the APA "empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing *how* it shall act." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (internal citations omitted). "[W]hen an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be." *Id.* at 65. Thus, while Plaintiffs' prayer for relief requests this Court to direct Defendants to adjudicate Group A Plaintiffs' applications for federal recognition and to require the Defendants to follow the Band's original recommendations, this Court has no power to do so. (*See* Doc. No. 62 at 46.)

Therefore, this Court has subject matter jurisdiction over the First claim and Defendants' motion to dismiss Plaintiffs' First cause of action is **DENIED.**

C. **Plaintiffs' Third Claim for Declaratory Relief**

Plaintiffs seek declaratory relief, or in the alternative, mandamus, in their third claim against Defendants. (Doc. No. 62 ¶ 99.) Plaintiffs allege that sovereign immunity is waived under the APA, and that this Court has jurisdiction under 28 U.S.C. § 1361 to compel Defendants "to perform a duty owed to Plaintiffs." (*Id.* ¶¶ 100, 101.) Although § 1361 does not waive Defendants' sovereign immunity, the APA may. *See Allen v. U.S.*, 871 F. Supp. 2d 982, 988 (N.D. Cal. 2012). Plaintiffs thus requests this Court under the APA to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with the law[.]" (Doc. No. 62 ¶ 105, 5 U.S.C. § 706(2)(A).) For the reasons set out above, Defendants' sovereign immunity is waived for Plaintiffs' Third claim because there has been final agency action under 5 U.S.C. § 704.

This Court notes that a "court may issue a writ of mandamus under 28 U.S.C. § 1361 only if '(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.'" *Tsang v. Berryhill*, 738 F. App'x 549, 550 (9th Cir. 2018) (quoting *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003)). Plaintiffs request this Court to compel Defendants to adjudicate Plaintiffs' enrollment applications in their favor and accept the original recommendations of the Enrollment Committee. (Doc. No. 62 ¶¶ 106, 107.) However, as explained above, the APA "empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing *how* it shall act." *Norton*, 542 U.S. at 64 (internal citations omitted).

For the foregoing reasons, this Court has subject matter jurisdiction over the Third claim and Defendants' motion to dismiss Plaintiffs' Third cause of action is **DENIED.**

### D. Plaintiffs' Second Claim is Dismissed as Moot

Group B Plaintiffs allege that Defendants violated Plaintiffs' rights by failing to notify Plaintiffs regarding the addition of subsection (f) within former 25 C.F.R. § 48.5. (*Id.* ¶ 94.) Group B Plaintiffs bring this claim under the Fifth Amendment's Due Process and Equal Protection Clauses, the APA, former 25 C.F.R. § 48, and 5 U.S.C. § 551. (Doc. No. 62 ¶ 92.) However, to the extent Plaintiffs' constitutional and statutory rights were violated, these regulations were removed in their entirety in 1996. *See Alto v. Black*, 738 F.3d 1111, 1116 n.1 (9th Cir. 2013). Thus, the Second claim is **DISMISSED AS MOOT**.

### E. The Fourth through Tenth Causes of Action

Defendants argue the fourth through tenth causes of action should be dismissed because: (1) they are barred by sovereign immunity; (2) they are time-barred; and

(3) Plaintiffs fail to state a claim. (Doc. No. 68-1 at 3.)

Plaintiffs' **fourth cause of action** is for violation of civil rights— unconstitutional delegation, or no delegation of duty, authority, or power. (Doc. No. 62 at 36.) Plaintiffs allege they do not have any documentation showing the required delegation of duty— despite seeking it through a FOIA request. (Doc. No. 43 ¶¶ 120–21.) Nevertheless, Plaintiffs assert Defendant Duschke was required to review enrollment recommendations and was not authorized to return Plaintiffs' applications to the enrollment committee. (*Id.* ¶ 125.) Plaintiffs also assert Francis Muncy (who is not a party to this litigation) prepared the roll without authority to do so. (*Id.* ¶ 124.) These allegations are both conclusory and without factual basis. Accordingly, the Court dismisses this cause of action.

Plaintiffs **sixth cause of action** is for due process. Plaintiffs note in the TAC that their claim arises under 28 U.S.C. § 1331 because it is a constitutional claim under the Fourteenth Amendment. (Doc. No. 43 ¶ 142.) Defendants argue that Plaintiffs fail to show a protected interest in any property or liberty since Plaintiffs can only show here that they were eligible for membership. (Doc. No. 68-1 at 33.) The Court agrees. The only allegation Plaintiffs make is that they were not given notice regarding changes the government made to 25 C.F.R. § 48.5. (Doc. No. 43 ¶ 139.) But Plaintiffs do not show how this deprived them of a protected interest in their property or liberty.

Plaintiff's **eighth cause of action** is for breach of statutory fiduciary duty under 25 U.S.C. § 2. However, that section merely states that the commissioner of Indian Affairs shall manage Indian affairs and matters arising out of Indian relations. *Id.* Defendants argue this claim is time barred. Under 28 U.S.C. § 2401(a), there is a general statute of limitations for civil actions against the United States which is "six years after the right of action accrues." Here, Defendants argue Plaintiffs' claims "accrued decades ago." (Doc. No. 68-1 at 31.) Plaintiffs counter that the "FTCA may waive sovereign immunity for this claim." (Doc. No. 80 at 21.) However, the Court finds Plaintiffs have not adequately alleged a cause of action either under the FTCA for a breach of fiduciary duty or a breach generally under the purported statute. Accordingly, this claim is dismissed.

Plaintiffs' **ninth cause of action** is for violation of civil rights – denial of inherited tribal property rights. Similar to Plaintiffs' other civil rights causes of action, Plaintiffs state only conclusory allegations. Under this claim, Plaintiffs state that they have been denied certain rights and suffered deprivations. (Doc. No. 43 ¶ 181.) Plaintiffs allege that Defendants "have known that non-San Pasqual blood people have been living on the San Pasqual land and receiving benefits since 1910, while the true San Pasqual descendants have been denied their legal rights and Federal and Tribal benefits." (*Id.* ¶ 182.) Moreover, Plaintiffs allege they bring this claim under the APA, however, they only seek money damages in their prayer for relief, which is impermissible as § 702 waives sovereign immunity for all non-monetary claims. Accordingly, this cause of action fails to state a claim and fails to allege sovereign immunity waiver, and thus is dismissed.

Plaintiffs' **tenth cause of action** for violation of civil rights – unconstitutional diminution of land rights granted pursuant to 1891 Patent signed by President Taft is also dismissed as Plaintiffs state "the basis for this claim is the fiduciary duty that is owed to Plaintiffs by the Defendants as discussed above." (Doc. No. 80 at 25.)

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss. (Doc. No. 68.) In summary:

Plaintiffs' causes of action which are **DISMISSED WITH PREJUDICE**:

(1) The Second cause of action by Group B Plaintiffs;

(2) The Fourth cause of action for unconstitutional delegation of authority;

(3) The Fifth cause of action for violation of civil rights under *Bivens*, (Doc. No. 88);

(4) The Sixth cause of action for Due Process;

(5) The Eighth cause of action for breach of statutory fiduciary duty;

(6) The Ninth cause of action for violation of civil rights denial of inherited property rights;

(7) The Tenth cause of action for violation of civil rights – unconstitutional diminution of land rights granted pursuant to 1891 Patent signed by President Taft;

and

(8) The Eleventh cause of action for Conspiracy, (Doc. No. 88).

<u>Plaintiffs' causes of action which survive</u>:

(1) The First cause of action under the APA;

(2) The Third cause of action for declaratory relief, however the Court cannot direct Defendants to grant Plaintiffs' specified relief under this claim;

<u>Plaintiffs' causes of action which are **DISMISSED WITH LEAVE TO AMEND**</u>:

(1) The Seventh Cause of Action for equal protection, (Doc. No. 88).

Plaintiffs fourth—and likely final—amended complaint is due by **<u>September 8, 2019</u>**. Plaintiffs may only amend their complaint in accordance with the Court's instruction here and in its prior order, (Doc. No. 88).

**IT IS SO ORDERED.**

Dated: August 16, 2019

Hon. Anthony J. Battaglia
United States District Judge