UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY ALEGRE, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br>　　　　　　　　　　　Defendants. | Case No.: 16-cv-2442-AJB-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**<br><br>**(Doc. No. 194)** |

Before the Court is Plaintiffs' motion to supplement the administrative record. (Doc. No. 194.) Defendants the United States of America, the United States Department of the Interior, and three named federal officials in their official capacities (collectively, "Defendants") filed a response to Plaintiffs' motion. (Doc. No. 199.) Plaintiffs did not file a reply brief in support of their motion.

**I.　BACKGROUND**

This dispute arises out of Plaintiffs' contention that they are members of the San Pasqual Band of Mission Indians ("Band"). On September 28, 2016, Plaintiffs filed their original complaint with this Court, and after multiple rounds of motions and multiple iterations of the Complaint, two claims of their Fourth Amended Complaint ("FAC") remain: (1) Plaintiffs' Administrative Procedures Act claim that the Department of the

Interior–Bureau of Indian Affairs ("BIA") acted arbitrarily and capriciously by failing to properly adjudicate their enrollment applications and related issues, and (2) an accompanying declaratory judgment claim. On August 10, 2021, Defendants filed the Final Administrative Record ("FAR") after several rounds of motions to supplement, complete, and strike the administrative record. (Doc. No. 165.) This order follows.

## II.   DISCUSSION

The Ninth Circuit recognizes certain exceptions to the general rule that reviewing courts are limited to considering only the materials in the administrative record. For claims challenging final agency action, exceptions for supplementing the administrative record are "widely accepted" but "narrowly construed and applied." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). The court may admit extra-record evidence only: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith." *Id.* at 1030 (citing *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). "These limited exceptions operate to identify and plug holes in the administrative record," and "are narrowly construed and applied" to ensure "that the exception does not undermine the general rule." *Id.* (citations omitted). "Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, ***it would be obvious that the federal courts would be proceeding, in effect, de novo*** rather than with the proper deference to agency processes, expertise, and decision-making." *Id.* (emphasis added).

Plaintiffs request the Court to supplement the FAR with (1) letter dated July 24, 2015, from Javin Moore BIA-Southern California Agency ("SCA") to McIntosh, which is "crucial to Plaintiffs' reply to Defendants' Statute of Limitations defense," (2) 1955 San Pasqual Census and memorandum of Ray Davis ("Ray Davis Memorandum") which "shows that Modesta Martinez Contreras is 4/4 San Pasqual Indian blood," (3) sign-in

1  sheets for the April 10, 2005 General Council meeting ("April 10 Sign-In Sheets") because
2  they are "crucial for Plaintiffs to affirmatively prove that there was a quorum present at the
3  GC meeting wherein Plaintiffs were enrolled into the [Band]," (4) table of contents and all
4  twenty-two exhibits to the February 3, 2006 letter from BIA-SCA because "Plaintiffs are
5  entitled to know exactly what evidence the BIA considered in coming to their conclusion
6  that Modesta Martinez Contreras' blood is not 4/4 San Pasqual Indian Blood," and
7  (5) pages bates numbered 177 through 281 of the FAR, which Plaintiffs state "appear to be
8  missing." (Doc. No. 194 at 2–3.)

9       As a preliminary matter, Defendants do not oppose the motion to supplement the
10 FAR with the Ray Davis Memorandum and the April 10 Sign-In Sheets. Additionally,
11 Defendants state the parties agree to add the following documents to the FAR: BIA
12 verification re: April 10 Sign-In Sheets with February 11, 2005 Band Enrollment
13 Committee's letter to the BIA-SCA; April 20, 2005 Band letter to SCA; May 11, 2005
14 Notice of Appeal by Band to the Pacific Regional Director of the Department of Interior–
15 Indian Affairs ("PRO"); June 7, 2005 letter from SCA to Band; June 16, 2005 letter from
16 Band to PRO with exhibits; June 20, 2005 SCA memorandum re: records related to Band's
17 appeal; June 23, 2005 PRO letter to Band; September 1, 2005 Table of Contents re: PRO's
18 decision on Band's appeal; and excerpts from Roberts Rules of Order Considered by PRO
19 in its September 1, 2005 denial of Band's appeal. Because the federal rules provide that
20 the parties may, by stipulation, supply any omission from the administrative record, the
21 Court **GRANTS** Plaintiffs' motion as to these documents. Fed. R. App. P. 16(b); *see City
22 of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1116 n.4 (9th Cir. 2009).

23      Next, Defendants point out that the letter dated July 24, 2015, from Javin Moore
24 BIA-SCA to McIntosh and the 1955 San Pasqual Census are included in the FAR. (*See*
25 Doc. Nos. 165-7 at 12–13, 165-3 at 7.) As the Court finds this is the case, Plaintiffs' motion
26 to supplement the record as to these documents is **DENIED AS MOOT**.

27      Defendants assert there is one document not already in the FAR to which Defendants
28 cannot agree with Plaintiffs to add to the FAR. (Doc. No. 199 at 3.) Specifically,

Defendants contend that while searching for the April 10 Sign-In Sheets, they discovered one additional document that is privileged: a June 16, 2005 memorandum from BIA attorney Robert McCarthy to BIA officers regarding the Band's appeal of SCA's May 6, 2005 decision declining to validate the actions contained in Resolution No. SP-041005-01. (*Id.*) Because this document was not identified in Plaintiffs' motion to supplement the FAR and they have not filed a reply, the Court need not consider this as part of Plaintiffs' motion.

Regarding Plaintiffs' request to supplement the FAR with pages bates numbered 177 through 281 of the prior administrative record (*see* Doc. No. 147-1), the Court notes these documents were stricken upon Plaintiffs' own request. (*See* Doc. No. 139 at 4 ("Plaintiffs hereby bring their Motion to Strike portions of the Administrative Record . . . for the following reasons: . . . The Government placed 107 pages of extra-record documents into the Administrative Record that they did not consider because they are not relevant to this litigation and the documents have nothing to do with Plaintiffs' claims. The documents are not even historical. Therefore, Plaintiffs move to strike pages with Bates Numbers 177-282."); *see also Alegre v. United States*, No. 16-cv-2442-AJB-KSC, 2021 WL 4934982, at *7 (S.D. Cal. July 29, 2021) (granting Plaintiffs' motion to strike pages 177 through 282 of the administrative record)). As such, the Court **DENIES** Plaintiffs' motion to supplement the record with pages bates numbered 177 through 281 in the prior administrative record.

Lastly, Defendants contend they have found no additional documents regarding the February 3, 2006 letter from BIA-SCA. (Doc. No. 199 at 3–4.) Specifically, they state "Federal Defendants continue to not know if there were any exhibits 1-11, but believe it is most likely that there were not, and the memorandum's Table of Contents simply started numbering at 12 for an unknown reason." (*Id.* at 4; *see also* Doc. No. 193 at 9 n.9.) Therefore, the Court **DENIES AS MOOT** Plaintiffs' request to supplement the record with the table of contents and all twenty-two exhibits to the February 3, 2006 letter from BIA-SCA.

///

III. **CONCLUSION**

For all the reasons stated, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to supplement the administrative record. (Doc. No. 194.) Consistent with this order, Defendants are to refile the administrative record by **December 6, 2021**.

**IT IS SO ORDERED.**

Dated: November 22, 2021

Hon. Anthony J. Battaglia
United States District Judge