UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cindy Alegre, et al,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16-cv-02442-AJB-KSC<br><br>**ORDER:**<br><br>**(1) DENYING JOINT MOTION TO SEAL, (Doc. No. 205);**<br><br>**(2) GRANTING JOINT MOTION TO STRIKE, (Doc. No. 207);**<br><br>**(2) DENYING JOINT MOTION TO SEAL AS MOOT, (Doc. No. 207); and**<br><br>**(3) DENYING JOINT MOTION FOR SANCTIONS (Doc. No. 207)** |

　　　　Presently before the Court is the parties' joint motions to: (1) seal their joint motion to strike with exhibits, (Doc. No. 205); (2) strike and/or seal a letter from Emilio Reyes and all exhibits attached to Mr. Reyes' letter, (Doc. No. 207)[1]; and (3) sanction Mr. Reyes,

---

[1] George Manahan, Assistant U.S. Attorney, informed Plaintiffs' attorney Chapman that "the United States joins the motion as to Section I and the request to strike[.]" (Doc. No. 207 at 2, n.1) Mr. Manahan indicated he did not review Sections II through VI of this motion and would not be filing any briefing as to these sections. (*Id.*)

(Doc. No. 207). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matters suitable for decision on the papers and without oral argument. As explained more fully below, the Court **DENIES** the parties' joint motion to seal their motion to strike, **GRANTS** the parties' motion to strike, **DENIES AS MOOT** the parties' motion to seal, and **DENIES** the parties' motion for sanctions against Emilio Reyes.

## I.   MOTION TO SEAL

First, the Court addresses the parties' joint motion to seal their motion to strike with exhibits, (Doc. No. 207). (Doc. No. 205). Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation omitted).

"After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). However, where the material is, at most, "tangentially related" to the merits of the case, the request to seal may be granted on a showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC.*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Here, the parties fail to assert why sealing the motion to strike, (Doc. No. 207), is justified. Although the parties state "[t]he subject matter of this requested in-chambers matter is being filed separately with a request to seal said documents under seal[,]" (Doc. No. 205), they have failed to do so. As such, the Court **DENIES WITHOUT**

1  **PREJUDICE** the parties' joint motion to seal their motion to strike, (Doc. No. 207).

2  **II.     MOTION TO STRIKE**

3      Under Federal Rule of Civil Procedure 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Rule 12(f) motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delay tactic. *See Cal. Dep't Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007). Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. *Id.*

    On or around November 8, 2021, a non-party to this case, Emilio Reyes, mailed a letter to this Court, (Doc. No. 201), which was thereafter filed with the Court on November 12, 2021, in the interests of transparency, (Doc. No. 200). The parties assert the letter should be stricken and/or sealed because it is irrelevant to this case and contains "very defamatory remarks and false statements." (Doc. No. 207 at 2.) Additionally, the parties state that Mr. Reyes has used "the Court system to further harass, defame, slander, and libel Ms. McIntosh." (*Id.* at 3.) For these reasons, the Court agrees with the parties and finds the letter scandalous and immaterial to this case. As such, the Court **GRANTS** the joint motion to strike the letter from Emilio Reyes in its entirety. (Doc. No. 207.) The letter is Doc. No. 201. The Court further **DENIES AS MOOT** the parties' motion to seal Mr. Reyes' letter.

**III.    MOTION FOR SANCTIONS**

    Next, the parties' motion seeks the issuance of sanctions against Mr. Reyes. (Doc.

No. 207 at 13.) The parties fail to specify under which rule they seek sanctions, and thus interprets this motion under the Court's inherent power to sanction, as Rule 11(c) and Rule 37 are inapplicable here. *See* Fed. R. Civ. P. 11(b) (setting forth requirement that attorneys and pro se litigants conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents); Fed. R. Civ. P. 37(b)(2)(A) (providing sanctions for failure to obey discovery orders).

Rules 11 and 37 are not the only source of sanctions available to the Court. Under the Court's inherent power, the court may levy sanctions for "'willful disobedience of a court order'" or when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 776 (1980)). The Court's inherent authority to sanction willful conduct also includes "the authority to sanction the conduct of a nonparty who participates in abusive litigation practices, or whose actions or omissions cause the parties to incur additional expenses." *In re Avon Townhomes Venture*, 433 B.R. 269, 304 (Bankr. N.D. Cal. 2010), *aff'd*, No. BAP NC-11-1068-HDOD, 2012 WL 1068770 (B.A.P. 9th Cir. Mar. 29, 2012), *aff'd*, 575 F. App'x 715 (9th Cir. 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50–51 (1993)) (other citations omitted). *See also Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) ("[E]ven in the absence of statutory authority, a court may impose attorney's fees against a non-party as an exercise of the court's inherent power to impose sanctions to curb abusive litigation practices.").

The Court does not find Mr. Reyes' conduct here to be in bad faith, vexatious, wanton, or for oppressive reasons, nor does the Court find that Mr. Reyes willfully abused the judicial process or unreasonably caused the parties to bear additional costs. Mr. Reyes' only connection with this lawsuit is in submitting a letter to the Court, which is insufficient here to trigger sanctions against a non-party. *See Corder*, 53 F.3d at 232. As such, the Court **DENIES** the parties' motion for sanctions against Emilio Reyes.

///

///

## IV. CONCLUSION

For the reasons stated, the Court:

1. **DENIES WITHOUT PREJUDICE** the parties' motion to seal their joint motion to strike, (Doc. No. 207). (Doc. No. 205.)
2. **GRANTS** the parties' motion to strike the Reyes letter, (Doc. No. 201). (Doc. No. 207.)
3. **DENIES AS MOOT** the parties' motion to seal the Reyes letter, (Doc. No. 201). (Doc. No. 207.)
4. **DENIES** the parties' motion for sanctions against Emilio Reyes. (Doc. No. 207.)

**IT IS SO ORDERED.**

Dated: December 1, 2021

Hon. Anthony J. Battaglia
United States District Judge