UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY ALEGRE, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                              Defendants. | Case No.:  16-cv-02442-AJB-MSB<br>Consolidated with<br>Case No.:  17-cv-01149-AJB-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIFTH AMENDED COMPLAINT**<br><br>(Doc. No. 286) |

Before the Court is Plaintiffs'[1] Motion to Strike Defendants' Affirmative Defenses to Plaintiffs' Fifth Amended Complaint. (Doc. No. 286.) The motion is fully briefed. (Doc. Nos. 286; 288; 289.) Pursuant to Local Rule 7.1.d.1, the Court finds this matter suitable for disposition without oral argument.

---

[1] The list of Plaintiffs in these consolidated actions spans five pages of the Fifth Amended Complaint. (*See* Doc. No. 254-1 at 1–5.) Accordingly, the Court will not endeavor to name all Plaintiffs in this footnote. Nevertheless, the Order refers to all Plaintiffs collectively as "Plaintiffs."

1

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion.

## I.   Background

This action arises from Plaintiffs' long-standing desire for federal recognition as members of the San Pasqual Band of Mission Indians ("San Pasqual" or the "Tribe").

On February 3, 2006, in the "2006 Decision," the United States[2] denied the Tribe's request for the United States to correct its records to recognize that Modesta Martinez Contreras ("Contreras") possessed 4/4 San Pasqual Blood. (Doc. No. 254-1 ¶ 41.) In the course of the present litigation, the parties agreed that the United States would reconsider the 2006 Decision. (*Id.* ¶ 8.)

On October 31, 2024, the United States issued its reconsideration or "2024 Decision" that, again, denied the Tribe's request. (*Id.* ¶¶ 9, 41.)

On February 5, 2025, Plaintiffs filed a Fifth Amended Complaint that challenges only the 2024 Decision. (Doc. No. 254-1.) On April 24, 2026, following the resolution of a motion to dismiss, the United States answered the operative complaint after the Court set a briefing schedule for the parties' anticipated cross-motions for summary judgment. (Doc. Nos. 281–82.) In its Answer to the Fifth Amended Complaint, the United States alleged twelve "affirmative and other defenses." (Doc. No. 282 at 22–23 ¶¶ 1–12.)

Plaintiffs seek to strike all of the United States' affirmative defenses. (Doc. No. 286.)

Further background can be found in the Court's prior orders. (Doc. Nos. 43; 98; 99; 121; 212; 277.)

---

[2]   Defendants in these consolidated actions are the United States of America; the U.S. Department of Interior ("DOI"); Doug Burgum, in his official capacity as Secretary of DOI; Bryan Mercier, in his official capacity as Director of the Bureau of Indian Affairs; Lance Wenger, in his official capacity as Regional Solicitor for DOI's Office of the Solicitor's Pacific Southwest Region; Amy Dutschke, in her official capacity as Regional Director for DOI's Indian Affairs' Pacific Region; Javin Moore, in his official capacity as Superintendent for DOI's Indian Affairs' Southern California Agency; and 200 Doe Defendants. (Doc. No. 254-1 at 6.) This Order refers to all Defendants collectively as the "United States."

Additionally, page citations refer to the pagination generated by the Case Management/Electronic Case Files system.

16-cv-02442-AJB-MSB

## II.    Legal Standard

Federal Rule of Civil Procedure 12(f) authorizes courts to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of this authorization is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

In ruling on a Rule 12(f) motion, courts review the pleading "in the light most favorable to the pleader." *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008) (citation omitted). "Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "Before a motion to strike is granted[,] the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005) (citations omitted).

## III.   Discussion

### A.    Pleading requirements for defenses.

Pursuant to Federal Rule of Civil Procedure 8(b)(1)(A), a defendant must "state in short and plain terms its defenses to each claim asserted against it." Defendants are also required to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). However, some defenses must be made by motion before a responsive pleading is filed. Fed. R. Civ. P. 12(h)(1)(B)(i). Others may be raised in an answer. Fed. R. Civ. P. 12(h)(2)(A); *see also* Fed. R. Civ. P. 7(a)(2).

A defense can fall into one of two categories. A defendant can raise a "negative defense," which "negates an element that [the plaintiff] was required to prove." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Alternatively, a defendant can raise an "affirmative defense," which consists of "allegations unrelated to the plaintiff's *prima facie* case that deny the plaintiff's right to relief, even if all allegations in the complaint are true." *Kohler v. Staples the Office Superstore, LLC* ("*Staples*"), 291 F.R.D. 464, 471 (S.D. Cal. 2013).

When an affirmative defense is raised, it "may be insufficient as a matter of pleading or as a matter of law." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citation omitted). The Court reviews the sufficiency of affirmative defenses using the "fair notice" pleading standard.[3] *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Fair notice generally requires that a defendant articulate an affirmative defense clearly enough that the plaintiff is "not a victim of unfair surprise." *Bd. of Trustees of San Diego Elec. Pension Trust v. Bigley Elec., Inc.*, No. 07-cv-00634-IEG-LSP, 2007 WL 2070355, at *2 (S.D. Cal. July 12, 2007) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)); *see also Wyshak*, 607 F.2d at 827.

**B.    The majority of the United States' defenses are properly presented.**

In light of the pleading requirements, the United States alleges the following "affirmative and other defenses":

1. Plaintiff has failed to state a claim for which relief can be granted.
2. The Court lacks jurisdiction over some or all of Plaintiff's claims and/or over some or all of the individual Defendants.
3. Plaintiff's claims are barred by the statute of limitations.

---

[3]    District courts within the Ninth Circuit are split on whether Rule 8(c) affirmative defenses must be pled to the "fair notice" standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), or to the more stringent pleading standard that the Supreme Court applied to Rule 8(a) "claims for relief" in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Compare, e.g., Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Cal. 2013) (finding the case law "strongly suggests that the Ninth Circuit does not believe the more stringent *Twombly/Iqbal* standard should be applied to affirmative defenses"), *with Hernandez v. County of Monterey*, 306 F.R.D. 279, 284 (N.D. Cal. 2015).

16-cv-02442-AJB-MSB

4. Plaintiff's claims are barred by waiver.

5. To the extent the Court concludes Plaintiff is entitled to [Administrative Procedure Act ("APA")] relief, the only appropriate remedy is for the Court to compel agency action unlawfully withheld or unreasonably delayed or to hold unlawful and set aside agency action, findings, and conclusion that violate the law or are otherwise arbitrary and capricious.

6. Money damages are not available under the APA.

7. Review under the APA, and under similar standards, is limited to "final agency action" that is not precluded from review by another statute or legally committed to the agency's discretion.

8. To the extent Plaintiff challenges actions appropriately considered informal adjudication, any such review should allow the agency significant discretion in the formulation of its procedures.

9. To the extent Plaintiff demands a jury trial, Defendant objects on the ground that the APA does not provide a right to a trial by jury, and the United States and its agencies have not waived sovereign immunity and consented to a jury trial in APA cases. *See W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123 (9th Cir. 2009); *see also Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).

10. To the extent Plaintiffs have failed to join, pursuant to Fed. R. Civ. P. 19, persons required to be joined if feasible and/or persons in whose absence the action should not proceed, including the Tribe, the Court should dismiss the claims affected or deny relief that should not be granted in the third party's absence.

11. To the extent Plaintiffs seek the Court to order that they are members of the Tribe, the Court lacks jurisdiction to do so.

12. To the extent Plaintiffs seek the Court to determine the qualifications to join the Tribe are different than the Tribe's Constitution states, the Court lacks jurisdiction to do so.

(Doc. No. 282 at 22–23 ¶¶ 1–12.) The remainder of this Order will refer to an individual "Defense" or to multiple "Defenses" as appropriate.

Plaintiffs contend that these "affirmative defenses" should be stricken because the United States "simply printed out a list of 'boiler plate' affirmative defenses" to which "Plaintiffs have no idea how to respond." (Doc. No. 286-1 at 2.)

The United States does not meaningfully contest Plaintiffs' characterization of the Defenses as "affirmative defenses," but object to Plaintiffs' motion. (*See generally* Doc. No. 288.)

Plaintiffs' contentions encounter two obstacles.

First, the Federal Rules of Civil Procedure explicitly authorize several of the United States' Defenses, even if they are improperly characterized as affirmative defenses. In particular, Rule 12(h)(2)(A) explains that the defenses of "[f]ailure to state a claim upon which relief can be granted [and] to join a person required by Rule 19(b) . . . may be raised . . . in any pleading allowed or ordered under Rule 7(a)." Pleadings allowed under Rule 7(a) include "answer[s] to a complaint." Fed. R. Civ. P. 7(a)(2). This covers Defenses One and Ten.

Further, contrary to their initial claim that they "have no idea how to respond" to these Defenses, Plaintiffs articulate specific responses to the Defenses. (*Compare* Doc. No. 286-1 at 2, *with id.* at 3, 10.) By articulating specific responses to each Defense, Plaintiffs demonstrate that they have received fair notice of the substance of these Defenses and will not be "victim[s] of unfair surprise." *San Diego Elec. Pension Trust*, No. 07-cv-00634-IEG-LSP, 2007 WL 2070355, at *2 (citation omitted).

Thus, Defenses One and Ten are expressly permitted and the Court sees no basis to strike either Defense.

Second, the majority of the United States' remaining Defenses are not *affirmative* defenses and, in any event, Plaintiffs have not been deprived of fair notice. Again, an affirmative defense consists of "allegations unrelated to the plaintiff's *prima facie* case that deny the plaintiff's right to relief, even if all allegations in the complaint are true." *Staples*, 291 F.R.D. at 471. Rather than presenting factual allegations that would deny Plaintiffs any right to relief, the United States concedes that Defenses Five through Nine are "restatements of applicable APA law and, as such, are not traditional affirmative defenses." (Doc. No. 288 at 4–6.) Plaintiffs reply that "these are not defenses, but simply restatements of the law" that must be stricken. (Doc. No. 289 at 3.)

Plaintiffs' conclusory reply is unavailing. Plaintiffs do not cite any authority to support the proposition that a statement of law can constitute a defense. (*See generally id.*) Regardless, a defense is, at its crux, a "defendant's stated reason why the plaintiff or

6

prosecutor has no valid case." Defense, Black's Law Dictionary (12th ed. 2024). Applying this definition, statements of law can constitute a defense when they identify elements that a plaintiff must prove and indicate the plaintiff has not or cannot carry this burden. For example, a plaintiff who brings an APA challenge to an agency decision must demonstrate that the challenged agency action is made reviewable by statute or final. 5 U.S.C. § 704; *see also Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1103 (9th Cir. 2007). Defenses Five through Nine, in turn, are better categorized as *negative* defenses that identify and negate elements that Plaintiffs must prove. *See Zivkovic*, 302 F.3d at 1088. Defenses Two, Eleven, and Twelve—addressing the Court's subject-matter jurisdiction—similarly seek to negate elements that Plaintiffs must prove. *See id.* The United States' ambiguous identifications of these Defenses as "affirmative *and other* defenses" (Doc. No. 282 at 22 (emphasis added)) and "not traditional affirmative defenses" (Doc. No. 288 at 6) do not provide a basis to strike these Defenses. *Staples*, 291 F.R.D. at 471.

Additionally, similar to Defenses One and Ten, Plaintiffs provide specific responses to Defenses Two, Five through Nine, Eleven, and Twelve. (Doc. No. 286-1 at 4, 6–12.) The Court consequently cannot say that Plaintiffs have been deprived of fair notice of these Defenses such that they are insufficient. *San Diego Elec. Pension Trust*, No. 07-cv-00634-IEG-LSP, 2007 WL 2070355, at *2 (citation omitted).

Under these circumstances, the Court sees no reason to strike Defenses Two, Five, Six, Seven, Eight, Nine, Eleven, and Twelve.

This leaves Defenses Three and Four, which the Court will strike. In contrast to the United States' other Defenses, Defenses Three and Four are affirmative defenses. *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any . . . affirmative defense, including: . . . statute of limitations[] and waiver."). The United States "admit[s] that these [D]efenses are inapplicable" to Counts One and Five solely as those Counts "relate[] to an APA challenge" of the 2024 Decision. (Doc. No. 288 at 3–4.) Given

16-cv-02442-AJB-MSB

that Plaintiffs' only surviving claims are APA claims, the Court accepts the United States' concession and **STRIKES** Defenses Three and Four. (*See* Doc. No. 277 at 7–8, 12–13.)[4]

**C.     There is no reason to grant the United States leave to amend.**

The United States notes that leave to amend should be "freely given if it would not prejudice the opposing party" and requests an opportunity to amend if the Court grants the motion to strike in whole or in part. (Doc. No. 288 at 8 (citing *Wyshak*, 607 F.2d at 826).) However, given that the Court strikes Defenses Three and Four based on the United States' concession, the Court sees no reason to grant the United States leave to amend.

**IV.    Conclusion**

For the foregoing reasons, the Court **VACATES** the hearing set for August 27, 2026. (Doc. No. 287.) The Plaintiffs' Motion to Strike Defendants' Affirmative Defenses to Plaintiffs' Fifth Amended Complaint is **GRANTED IN PART AND DENIED IN PART**. (Doc. No. 286.) The Court **STRIKES** Defenses Three and Four from the United States' Answer to Fifth Amended Complaint. (Doc. No. 282.)

**IT IS SO ORDERED**.

Dated:  June 4, 2026

_____
Hon. Anthony J. Battaglia
United States District Judge

---

[4] The United States notes a concern that "Plaintiffs have repeatedly sought to augment their claims" and "have invented a standalone Equal Protection claim for which they demand a jury trial and money damages." (Doc. No. 288 at 3–4; *see also* Doc. Nos. 286-1 at 7, 9; 288 at 5.) The Court previously dismissed without leave to amend such a claim. (Doc. No. 121.) The Court will not entertain any attempt to resurrect a bare Equal Protection Clause claim that demands a jury trial or monetary damages. (*Id.*; *see also* Doc. No. 277 at 12–13.)

16-cv-02442-AJB-MSB