UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CINDY ALEGRE, et al.,
Plaintiffs,
v.
UNITED STATES OF AMERICA, et al.,
Defendants.

Case No.: 16-cv-02442-AJB-MSB
Consolidated with
Case No.: 17-cv-01149-AJB-MSB

**ORDER DENYING REQUEST FOR LATER DATE TO FILE FOR AN EVIDENTIARY HEARING**

(Doc. No. 293)

Before the Court is Plaintiffs'[1] Response to Court Order Dated March 30, 2026. (Doc. No. 293.) Plaintiffs state therein that they "request a later date to file for an evidentiary hearing after Defendants file their papers." (*Id.*)

The United States[2] has not responded.

[1] The list of Plaintiffs in these consolidated actions spans five pages of the Fifth Amended Complaint. (*See* Doc. No. 254-1 at 1–5.) Accordingly, the Court will not endeavor to name all Plaintiffs in this footnote. Nevertheless, the Order refers to all Plaintiffs collectively as "Plaintiffs."

Additionally, page citations refer to the pagination generated by the Case Management/Electronic Case Files system.

[2] Defendants in these consolidated actions are the United States of America; the U.S. Department of Interior ("DOI"); Doug Burgum, in his official capacity as Secretary of DOI; Bryan Mercier, in his official capacity as Director of the Bureau of Indian Affairs; Lance Wenger, in his official capacity as

Plaintiffs' request is **DENIED**.

Pursuant to Federal Rule of Civil Procedure 7(b)(1), a "request for a court order must be made by motion." The Court's Civil Case Procedures similarly require that

> [r]equests to continue or reschedule a . . . date or deadline must be made by a motion filed **no less than 7 days prior to the date the parties seek to change** and include **specific details** addressing (1) the original date and proposed date; (2) good cause for the requested change; (3) the number of previous continuances and requests that have been made; (4) whether previous requests were granted or denied; (5) how this request will impact other dates or deadlines, and (6) how the parties fulfilled the Court's meet-and-confer requirement. Such a motion must be supported by a detailed declaration, explaining the specific reasons and averring that the meet and confer requirement was met.
>
> Requests made fewer than 7 days prior to the date the party seeks to change must address excusable neglect for the request's untimeliness.

J. Battaglia Civ. Case Proc. §§ III.D, IV.C.

Plaintiffs' request does not comply with any of these requirements. (*See generally* Doc. No. 293.)

Furthermore, the Court notes that Plaintiffs have utilized the majority of their 40-page limit. Plaintiffs calculate that they have used the entirety of their 40-page limit. (*Compare* Doc. No. 293, *with* Doc. No. 281 (requiring Plaintiffs to include "a request for an evidentiary hearing, including the legal bases and a list of the issues to be resolved at an evidentiary hearing," as part of "one consolidated briefing not to exceed 40 pages").) A review of Plaintiffs' filings shows that they have used the bulk of this limit. First, their memorandum of points and authorities is 26 pages. (Doc. No. 294-1.) Second, the present request consists of one page. (Doc. No. 293.) Third, Plaintiffs include two declarations from their counsel—both of which contain legal arguments—and comprise a total of 12

---

Regional Solicitor for DOI's Office of the Solicitor's Pacific Southwest Region; Amy Dutschke, in her official capacity as Regional Director for DOI's Indian Affairs' Pacific Region; Javin Moore, in his official capacity as Superintendent for DOI's Indian Affairs' Southern California Agency; and 200 Doe Defendants. (Doc. No. 254-1 at 6.) This Order refers to all Defendants collectively as the "United States."

pages. (Doc. Nos. 294-3 at 2–3; 294-4 at 2–11.) Declarations in support of motions for summary judgment should not contain legal arguments. Fed. R. Civ. P. 56(c)(3) ("An affidavit or declaration used to support . . . a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence"); *see also King Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2022) ("Declarations, which are supposed to "set forth facts as would be admissible in evidence," should not be used to make an end-run around the page limitations . . . by including legal arguments outside of the briefs.") (citation omitted). Nevertheless, the Count will treat these declarations as part of Plaintiffs' brief because (a) Plaintiffs consider the declarations to be a part of their briefing (Doc. No. 293) and (b) the inclusion of these declarations will not cause Plaintiffs to exceed their 40-page limit. Thus, the Court calculates that Plaintiffs have used 37 of the 40 allotted pages.

Because Plaintiffs have utilized the bulk of their allotted page limit, the Court will not adjust the other page limits set out in its March 30, 2026 Order. (*Cf.* Doc. No. 292.)

Accordingly, Plaintiffs' request to continue their deadline to request an evidentiary hearing is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 28, 2026

Hon. Anthony J. Battaglia
United States District Judge