UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CINDY ALEGRE, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No.: 16-cv-02442-AJB-MSB
Consolidated with
Case No.: 17-cv-01149-AJB-MSB

**ORDER GRANTING MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE AND DENYING AS MOOT PLAINTIFFS' EX PARTE MOTION TO APPEAR VIA ZOOM OR TELEPHONICALLY**

(Doc. Nos. 298, 307)

Before the Court is the San Pasqual Band of Diegueño Mission Indians' ("San Pasqual," the "Band," or the "Tribe") Motion for Leave to File Brief of Amicus Curiae. (Doc. No. 298.) The motion is fully briefed. (Doc. Nos. 302, 303, 306, 308.) The United States does not oppose the motion, but seeks an opportunity to respond to the brief. (Doc. No. 302.) Plaintiffs oppose the motion (Doc. No. 303) and presumably wish to respond to the brief if the motion is granted (*see* Doc. No. 300).

Also before the Court is Plaintiffs' *ex parte* Motion to Appear via Zoom or Telephonically. (Doc. No. 307.) No one has responded to Plaintiffs' motion.

Pursuant to Civil Local Rule 7.1.d.1., the Court finds these matters suitable for disposition without oral argument.

For the following reasons, the Court **GRANTS** the Band's motion. (Doc. No. 298.) The Court **DENIES** Plaintiffs' *ex parte* motion as moot. (Doc. No. 307.) The Court also **AMENDS** the cross-motion for summary judgment briefing schedule to provide the parties an opportunity to respond to the Tribe's brief. (Doc. No. 281.)

## I. BACKGROUND

This action arises from Plaintiffs' long-standing desire for federal recognition as members of the Band. Given the history of these proceedings, the Court incorporates its prior discussion of the background of this case. (Doc. No. 277 at 2–5.)[1] The parties are now briefing cross-motions for summary judgment on Plaintiffs' Fifth Amended Complaint. (*See* Doc. Nos. 281; 294; 297.)

The Tribe seeks to file an *amicus* brief in support of the United States' motion for summary judgment. (Doc. No. 298 at 2.)

## II. LEGAL STANDARD

The classic role of *amicus curiae* is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Miller-Whol Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) (citations omitted).

"The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "There are no strict prerequisites that must be established prior to qualifying for amicus status" in a district court. *California by & through Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (citations omitted). In fact, the Federal Rules of Civil Procedure do not address such motions, so

[1] Page citations refer to the pagination generated by the Case Management/Electronic Case Files system.

district courts "rely on Federal Rule of Appellate Procedure 29 ('Rule 29')" when considering such requests. *United States v. State Water Res. Control Bd.*, No. 2:19-cv-00547-DAD-EPG, 2020 WL 9144006, at *3 (E.D. Cal. Apr. 23, 2020). Ultimately, "an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *California*, 381 F. Supp. 3d at 1164 (citations omitted).

## III. DISCUSSION

Upon review of the Tribe's motion and accompanying brief, the Court is persuaded that the Band's participation may be useful and desirable to the Court. The Tribe's motion and brief substantially comply with Rule 29's requirements. The motion and brief additionally demonstrate that the Court may benefit from the Band's contributions to the briefing. Plaintiffs' arguments to the contrary are unavailing.

### A. The Tribe's motion and brief substantially comply with Federal Rule of Appellate Procedure 29.

As previously noted, district courts look to Rule 29 when considering whether to appoint an *amicus*. *State Water Res. Control Bd.*, 2020 WL 9144006, at *3.

Pursuant to Rule 29(a)(2), an entity that is not the United States, a United States officer or agency, or a state "may file a brief only by leave of court or if the brief states that all parties have consented to its filing." A motion for leave to file "must be accompanied by the proposed brief and state: (A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).

An *amicus* brief must include, "if the amicus curiae is a corporation, a disclosure statement like that required of parties by [Federal Rule of Appellate Procedure] 26.1" and "a concise statement of the identity of the amicus curiae, its interest in the case, and the source of its authority to file." Fed. R. App. P. 29(a)(4)(A), (a)(4)(D). The brief must also disclose if it was authored in whole or in part or funded by a party or a party's counsel, or

if anyone other than the movant *amicus* contributed money for the preparation or submission of the brief. Fed. R. App. P. 29(a)(4)(E).

Plaintiffs assert that the Band did not comply with these requirements, and so the motion should be denied. (Doc. No. 303 at 5–8.) The Court disagrees.

Plaintiffs first state that "[t]he Tribe, as *amicus*, has only stated its financial interest in this litigation" and therefore did not comply with "Rule 29(3)(a)."[2] (*Id.* at 5.) Contrary to Plaintiffs' statement, the Tribe plainly states that it "has strong government interests in the Court's adjudication of the instant matter . . . because the resolution of the matter as desired by Plaintiffs would disrupt and otherwise affect the Band's internal social and economic relations and interests." (Doc. No. 298 at 3–4; *see also* Doc. No. 298-1 at 6 ("The Band has strong governmental interests in matters with the potential to affect its social and internal affairs, including its membership. . . . The Band also has compelling self-government and sovereign interests in defending itself from relief requests in Plaintiffs' Fifth Amended Complaint.").) The Tribe has thus complied with Rule 29(a)(3)(A)'s requirement to state its interest in the litigation.[3]

Plaintiffs next cursorily state that the Band did not comply with Rule 29(a)(3)(B)'s requirement "to state reasons why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." (Doc. No. 303 at 5.) However, the Band's motion plainly states that the Tribe "provides a distinct perspective" (Doc. No. 298 at 5) and indicates that its sovereign immunity may be implicated by the relief that Plaintiffs request (*id.* at 3–5).

---

[2] Given the context of Plaintiffs' filing and the fact that there is no "Rule 29(3)(a)" in the Federal Rules of Appellate Procedure, the Court construes Plaintiffs' citation to refer to Federal Rule of Appellate Procedure 29(a)(3)(A). (*See* Doc. No. 303 at 5.) The Court construes Plaintiffs' citations to "Rule 29(3)(b)" and "Rule 29(4)(a)" similarly.

[3] Even if the Tribe's interest in this litigation is purely financial, as Plaintiffs claim (Doc. No. 303 at 13–14), it is unclear how and why the Tribe's identification of a financial interest would not be sufficient to comply with Rule 29(a)(3)(A)'s requirements.

Plaintiffs go on to contend that "Rule 29(4)(a) requires the *amicus curiae*, if it is a corporation, to make a disclosure statement like that required of parties by Rule 26.1." (Doc. No. 303 at 5.) But Plaintiffs do not offer any evidence that the Tribe is a corporation within the meaning of Federal Rule of Appellate Procedure 29(a)(4)(A). (*See generally id.*) Instead, Plaintiffs claim that "[t]he Tribe has created a corporation that runs the business of the Tribe." (*Id.* at 5.) Plaintiffs additionally speculate that the Tribe's corporation that "runs the business of the Tribe" and "was formed to manage all aspects of the [T]ribe's gaming operations" "has paid the attorney fees and costs involved in this case." (*Id.* at 5–6.) In contrast, the Tribe affirmatively states that "[n]o person or entity—other than the Band—contributed money intended to fund the preparation or submission of this amicus brief." (Doc. No. 298-1 at 6 n.1.) Given the apparent lack of evidence that the Tribe is a corporation and the Tribe's affirmative statement regarding the source of funding for the proposed *amicus* brief, the Court declines to require the Tribe to comply with Federal Rule of Appellate Procedure 29(a)(4)(A)'s corporate disclosure requirement.

Plaintiffs further argue that the Tribe "failed to disclose the source of its authority to file its instant Motion" pursuant to Rule 29(a)(4)(D) because the Tribe's General Council did not approve of the Tribe bringing a lawsuit. (Doc. No. 303 at 6.) Plaintiffs misunderstand Rule 29(a)(4)(D)'s requirements.[4] The Committee Notes to the 1998 Amendments to Rule 29 clearly indicate that in order for an "amicus to state the source of its authority to file[,] [t]he amicus simply must identify which of the provisions in Rule 29(a) provides the basis for the amicus to file its brief." Thus, Rule 29(a)(4)(D) merely requires an *amicus* brief to state whether the brief is permitted because it is filed (1) by the "United States or its officer or agency or a state . . . without the consent of the parties or leave of court", (2) by an *amicus* "by leave of court", or (3) by an *amicus* "that all parties have consented to." Fed. R. App. P. 29(a)(2), (a)(4)(D). Although it is true that Tribe's

[4] The Tribe similarly misunderstands Rule 29(a)(4)(D)'s requirements. (*See* Doc. No. 308 at 5–8.)

proposed *amicus* brief does not indicate that it belongs in any of these three categories (*see generally* Doc. No. 298-1), it is plausible that this shortcoming is because the Band had to lodge its proposed brief before the Court could grant leave. *See* Fed. R. App. P. 29(a)(3) (requiring motion for leave to "be accompanied by the proposed brief"). Plaintiffs do not cite any authority to support their proposition that such a procedural misstep requires the Court to deny the motion and reject the Tribe's brief. The Court finds that the better remedy is to require the Tribe to file a corrected brief that complies with Rule 29(a)(4)(D) by stating that the *amicus* brief is filed by leave of Court.

Under these circumstances, the Court is satisfied that the Tribe has sufficiently complied with Rule 29's requirements.[5]

**B. The Tribe's brief appears to be beneficial to the Court.**

**1. The Tribe's interests are distinguishable from the United States'.**

Plaintiffs additionally argue that the Tribe's *amicus* brief is unnecessary because the Band's interests are the same as the United States'. (Doc. No. 303 at 12–13.) In particular, Plaintiffs insist that the Tribe and the United States have identical interests because, in part, the proposed *amicus* brief "cites [the United States'] own motion-to-dismiss brief." (*Id.* at 13.)

---

[5] The Court notes, on the other hand, that the Tribe did not comply with the Court's Civil Case Procedures in filing the present motion. For example, the Tribe did not call to obtain a hearing date for its motion. *But see* J. Battaglia Civ. Case Proc. § III.B. Nor does it appear that the Tribe attempted to meet and confer with counsel for Plaintiffs or the United States before filing the present motion. *Id.* § III.A. And the Tribe is not alone in its noncompliance. For instance, "exhibits must be submitted electronically in CM/ECF as attachments." *Id.* § I.D. (citing CASD ECF Policies & Procedures § 2.k.). Despite this requirement, Plaintiffs submitted the Declaration of Diana Martinez in Support of Plaintiffs Opposition to the Amicus Brief separately instead of as an attachment to their response. (Doc. No. 306; *see also* Doc. No. 303.) Additionally, the Court has previously instructed Plaintiffs' counsel that counsel must contact the Court's law clerks before filing an *ex parte* motion. (Doc. No. 301 at 2 (citing J. Battaglia Civ. Case Proc. § V.A.).) Plaintiffs' counsel did not contact the Court before filing the present *ex parte* motion.

In the interest of resolving the present motions expeditiously to minimize any impacts on the cross-motion for summary judgment briefing schedule, the Court overlooks these variances from the Court's procedures. *See* J. Battaglia Civ. Case Proc. at 1.

Plaintiffs' argument makes little sense. The mere fact that one person has cited another's briefs does not mean that they share the same interests. For instance, Plaintiffs' opposition includes multiple citations to the Tribe's motion and brief. (*Id.* at 7–8, 12–13.) Given that Plaintiffs oppose the Tribe's motion, however, it is illogical to say that such citations mean that Plaintiffs share the Tribe's interests.

Regardless, a review of the filings reveals that the United States' and the Tribe's interests do not necessarily align. Again, the Tribe makes clear that its interests in this matter relate to its ability to govern itself and maintain its "internal social and economic relations and interests." (Doc. No. 298 at 4.) In contrast, the United States has focused on defending its October 31, 2024 decision "declining to increase [Modesta Martinez Contreras'] blood degree from 3/4 to 4/4." (Doc. No. 297 at 8.) Thus, the United States' interests here are upstream from and are not necessarily the same as the Tribe's.

**2. The Tribe's arguments may benefit the Court.**

Plaintiffs further argue that the Tribe's arguments are moot. (Doc. No. 303 at 8–11.) Specifically, Plaintiffs point out that the Court has dismissed certain causes of action and that the Tribe seeks to challenge specific forms of relief that Plaintiffs previously requested based on the dismissed causes of action. (*Id.*) This is not entirely accurate. In any event, Plaintiffs appear to continue arguing at least one facet of a dismissed cause of action, meaning the Tribe's challenge to a related form of relief is not moot and may assist the Court.

In their proposed brief, the Tribe challenges three specific forms of relief that Plaintiffs requested. First, the Tribe opposes the Court granting Plaintiffs "both a preliminary and permanent injunction 'prohibiting the [United States] from approving any [Band] enrollment ordinance that removes the [United States] from the enrollment process." (Doc. No. 298-1 at 9 (quoting Doc. No. 254-1 at 84 ¶¶ 1–2 (Sixth Cause of

Action)[6]).) Second, the Tribe objects to an order "declaring 25 C.F.R. § 48.5(f) unconstitutional and void." (Doc. No. 298-1 at 9 (citing Doc. No. 254-1 at 82 ¶ 1 (Third Cause of Action)).) Third, the Tribe contests the Court's ability to enter an "order directing Defendants to 'ensure that Plaintiffs receive retroactive per capita income from April 10, 2005, along with any other retroactive benefits.'" (Doc. No. 298-1 at 9 (quoting Doc. No. 254-1 at 82 ¶ 4 (Third Cause of Action)).)

Plaintiffs contend that the Tribe's challenges are moot because the Court has dismissed both the Third and Sixth Causes of Action from the Fifth Amended Complaint. (Doc. No. 303 at 10–11.)

Plaintiffs are partially correct. In ruling on the United States' motion to dismiss Plaintiffs' Fifth Amended Complaint, the Court dismissed Plaintiffs' Third and Sixth Causes of Action. (Doc. No. 277 at 9–12, 14–15.) However, the Court's dismissal of Plaintiffs' Third Cause of Action is more nuanced than Plaintiffs portray. (*Id.* at 11–12.)

In their Third Cause of Action, Plaintiffs challenged (1) the method by which the United States promulgated 25 C.F.R. §§ 48.1–48.15 (1960), (2) the United States' alleged previous application of the regulations to certain individuals who do not have San Pasqual blood, and (3) the United States' application (or failure to apply) the regulations to Plaintiffs. (*Id.* at 9.) Plaintiffs thus bundled three claims into one cause of action. (*Id.*) The Court held that Plaintiffs' objection to the method by which the United States promulgated the regulations is moot. (*Id.* at 10.) The Court also determined that Plaintiffs lack standing to challenge the United States' alleged application of the regulations to certain individuals who do not have San Pasqual blood. (*Id.* at 10–11.) The Court thus dismissed these two claims. (*Id.* at 11–12.) However, the Court concluded that Plaintiffs' challenge to the

---

[6] The Tribe cites to "5AC at 83, ¶¶ 1–2." (Doc. No. 298-1 at 9.) The Court construes this as a citation to Document Number 254-1 at page 84 because page 83 of the document does not include a paragraph 1, nor does the page include any discussion relating to injunctive relief. (*See* Doc. No. 254-1 at 83.) The Court construes the Tribe's other citations to the Fifth Amended Complaint similarly.

United States' application (or failure to apply) the regulations to Plaintiffs "is raised by and arguable under Count 1." (*Id.* at 12.)

Under these circumstances, Plaintiffs may theoretically seek to pursue at least some of the relief they requested in their Third Cause of Action by making some of the same arguments as a part of their First Cause of Action. (*See id.*) In fact, this is precisely what Plaintiffs are now doing. A review of Plaintiffs' motion for summary judgment reveals that they seek to keep part of their Third Cause of Action and the attendant requested relief alive by continuing to make related arguments. (*Compare, e.g.*, Doc. No. 294-1 at 11 (asserting the United States violated the Administrative Procedure Act by "adding 25 C.F.R. §48.5(f) without the Tribes [*sic*] knowledge or approval"), *with* Doc. No. 267 at 18 (stating "[t]his Court needs to declare §48.5(f) unconstitutional" because "Plaintiffs' ancestors were not put on notice of the rule change prior to publishing Part 48.5(f) as part of 25 C.F.R. 48").)

In contrast, the Court's dismissal of Plaintiffs' Sixth Cause of Action was much more straightforward. (Doc. No. 277 at 14–15; *see also id.* at 18.)

Given that Plaintiffs may still make some arguments related to their Third Cause of Action, it is plausible that Plaintiffs continue to request some of the relief they previously requested as a part of that cause of action. (*See id.* at 12; *see also* Doc. No. 294-1 at 11.)

Under these circumstances, the Tribe's challenges to the relief that Plaintiffs previously requested is not entirely moot. The Court thus **FINDS** that the Tribe's proposed *amicus* brief may be beneficial to the Court.

**C. Plaintiffs' remaining arguments are unavailing.**

Plaintiffs present two additional arguments against the Tribe's motion for leave to file an *amicus* brief. First, Plaintiffs assert that the motion "is simply an end run around the court's ruling in *Alto v. Black* that the Tribe [SPBMI] is not an indispensable party." (Doc. No. 303 at 11–12.) Second, Plaintiffs claim that the Tribe "is not a 'real party in interest.'" (*Id.* at 14.)

These arguments are unpersuasive.

Beginning with *Alto v. Black*, 738 F.3d 1111 (9th Cir. 2013), it is unclear how the Ninth Circuit's decision controls the Tribe's motion. There, the Ninth Circuit addressed the Tribe's contention that the Band "is a required party with regard to claims one, two, and three, so that preliminary injunctive relief as to those claims could not be granted in its absence" by holding that the Tribe is not a necessary party. *Id.* at 1125–29. Crucially, the Ninth Circuit noted that the requested relief in that case was "vacatur of the [United States'] Order." *Id.* at 1129.

Here, Plaintiffs seek more than just vacatur of a United States order. (*See, e.g.*, Doc. No. 254-1 at 82 ¶¶ 1–4 (Third Cause of Action) (seeking, *inter alia*, "An Order declaring Title 25, C.F.R., §48.5(f) [*sic*] unconstitutional and therefore void" and "An Order directing Defendants to ensure that Plaintiffs receive retroactive per capita income from April 10, 2005, along with other retroactive benefits.").) Furthermore, the Tribe seeks only *amicus*—not intervenor—status. (Doc. No. 298.)

Given these distinctions, the Court is not persuaded that *Alto* establishes any restriction that bars the Tribe from participating in this action as an *amicus*.

Next, Plaintiffs claim that the Tribe is not a "real party in interest" and appear to argue that the United States will represent the Tribe's interests sufficiently. (Doc. No. 303 at 14.) But as the Court noted, the United States' interests in this litigation are not necessarily the same as the Tribe's. (*Supra* at 6–7.)

## IV. CONCLUSION

For the foregoing reasons, the Court **FINDS** that the Tribe has substantially complied with Federal Rule of Appellate Procedure 29's requirements and that the Tribe's proposed *amicus* brief may be beneficial to the Court. Accordingly, the Tribe's Motion for Leave to File Brief of Amicus Curiae is **GRANTED**. (Doc. No. 298.) The October 29, 2026 hearing on the Tribe's motion is **VACATED**. (*See* Doc. No. 299.) Plaintiffs' *ex parte* Motion to Appear Via Zoom or Telephonically is **DENIED** as moot. (Doc. No. 307.)

The Court further **ORDERS** that on or before **October 22, 2026**, the Tribe must file a corrected brief that complies with Rule 29(a)(4)(D) by stating that the *amicus* brief is

filed by leave of Court. The Tribe may not make any other substantive changes to its *amicus* brief.

The Court **AMENDS** the remaining cross-motion for summary judgment briefing schedule as follows:

1. On or before **November 16, 2026**, Plaintiffs must file (A) any reply in support of Plaintiffs' motion for summary judgment; (B) an opposition to the United States' cross-motion for summary judgment; and (C) a response to the Tribe's *amicus* brief. These documents must be submitted as one consolidated briefing not to exceed 47 pages.
2. On or before **December 15, 2026**, the United States must file (A) any reply in support of its cross-motion for summary judgment and (B) a response to the Tribe's *amicus* brief. These documents must be submitted as one consolidated briefing not to exceed 15 pages.
3. The Tribe may not file a reply brief. Fed. R. App. P. 29(a)(7).
4. On or before **December 22, 2026**, the parties must provide the Court with a printed copy of the administrative record. The Court requests that the printed administrative record be double-sided, tabbed, and provided in two-inch binders.
5. The hearing on the cross-motions for summary judgment is **CONTINUED** from January 14, 2027, at 10:00 AM to **February 25, 2027**, at 10:00 AM in Courtroom 4A before the undersigned.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Hon. Anthony J. Battaglia
United States District Judge